IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **WILLIE ROBINSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) |
| | ) |
| **WEXFORD HEALTH SOURCE,** | )  Case No. 24-cv-1013-SPM |
| **ROB JEFFRIES,** | ) |
| **MATTHEW SWALLS,** | ) |
| **KIMBERLY BIRCH,** | ) |
| **VERNERIO SANTOS,** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Plaintiff Willie Robinson, a former inmate of the Illinois Department of Corrections (IDOC), filed the present pleading before this Court concerning his former incarceration. (Doc. 1). As presented, the pleading is insufficient and lacks an arguable basis in law or fact, so it may be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e). *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Section 1915(e)(2) provides that notwithstanding any filing fee, or portion thereof, that may have been paid, the court shall dismiss a case if it determines that the action fails to state a claim or is frivolous. Plaintiff's Complaint is time-barred, frivolous, and insufficient to state a claim.

## Analysis

In the Complaint, Plaintiff alleges in part:

This cause is to reinstate 1983 civil rights…this is the case of *Robinson v. Calloway, et al.*, Case No. 3:20-cv-00432-SPM. Where the claim was

> dismissed without prejudice on July 26, 2023 (conclusion). Plaintiff realleges in its entirety all the allegations that were never addressed primarily because of the PLRA Act.

(Doc. 1 at 6). Plaintiff also alleges that he now seeks to add Wexford and Rob Jeffries as defendants because they have overall responsibility for their employees, and Rob Jeffries signed documents that attest to the purpose of a grievance that was filed. (Doc. 1 at 6).

The undersigned presided over the previous case that Plaintiff references—*Robinson v. Calloway, et al.*, Case No. 20-cv-432-SPM. Plaintiff refers to July 26, 2023, as the date that the case concluded, and indicates many issues were not resolved on the merits due to the PLRA (Prison Litigation Reform Act). Plaintiff's characterization is only partially accurate. His claims against Defendants Kimberly Birch and Venerio Santos concerning medical care were dismissed without prejudice on October 22, 2021, upon the Court concluding he had failed to exhaust administrative remedies as to those claims. *Id.* (Doc. 72). On the same day, a claim against Swalls concerning medical care was also dismissed for failure to, exhaust, and a single claim against Swalls concerning the conditions of confinement was allowed to proceed. The dismissals for failure to exhaust were without prejudice and were premised on the PLRA. By contrast, the conditions of confinement claim against Swalls was resolved on the merits on June 22, 2023, when the Court granted summary judgment in Swalls' favor on that claim. *Id.* (Doc. 97).

Though Plaintiff's present Complaint (Doc. 1) does not give any factual details about his claims against the named defendants, he clearly intends to reinstate the claims he previously presented against Swalls, Santos, and Birch concerning medical care. A review of the filings in Case No. 20-cv-432 provides basic information about the claims

Plaintiff intends to reinstate. Specifically, Plaintiff was allowed to proceed on Claim 1 against Defendant Venerio Santos for his alleged deliberate indifference to Plaintiff's skin conditions from November of 2016 to February of 2019 at Centralia Correctional Center. *Robinson v. Calloway, et al.* Case No. 20-cv-432 (Doc. 22). Plaintiff was also allowed to proceed on Claim 2 against Kimberly Birch and Warden Swalls for their handling of his need for medical care for his skin condition from February of 2019 to December of 2019 at Vienna Correctional Center. (*Id.*).

In light of the readily available information about the underlying claims, it is evident that Plaintiff cannot now reinstate the claims against Santos, Birch, or Swalls, because any such claim filed in 2024 about incidents from 2016-December of 2019 is time-barred. The applicable statute of limitations period for actions brought pursuant to 42 U.S.C. § 1983 is a state's period for personal injury torts. *See Kalimara v. Ill. Dept. of Corrections*, 879 F.2d 276, 277 (7th Cir. 1989). In Illinois, where the events in Plaintiff's complaint occurred, that period is two years. *See Woods v. Illinois Dept. of Children and Family Svcs.*, 710 F.3d 762, 765-766 (7th Cir. 2013); 735 ILCS § 5/13-202. Illinois recognizes equitable tolling of the two-year period for an inmate to pursue administrative exhaustion of a claim at the institutional level. *See Terry v. Spencer*, 888 F.3d 890, 894 (7th Cir. 2015). A court may *sua sponte* dismiss a case if the applicability of the statute of limitations is "so plain from the language of the complaint…that it renders the suit frivolous." *Id.* at 894; *Dickens v. Illinois*, 753 Fed. App'x 390 (7th Cir. 2018) (a court may dismiss a complaint upon screening if it is clearly barred by the statute of limitations).

It is obvious that Plaintiff's claims against Santos, Birch, and Swalls related to their handling of his skin condition from 2016 to the end of 2019 are time-barred.  Even if the Court theoretically considered some form of tolling, Plaintiff knew by October of 2021 that his deliberate indifference claims against these defendants had been dismissed for failure to exhaust administrative remedies.  He provides no explanation for why he waited an additional 2.5 years beyond the dismissal of those claims before attempting to reinstate this lawsuit, and in fact there is no conceivable explanation that would allow this tardy re-filing of the claims.  The late re-filing of these claims could also be considered frivolous.

To the extent that Plaintiff now expresses a desire to add allegations against Wexford Health Sources or Rob Jeffries concerning their oversight of Santos, Birch, or Swalls, any such claim would also be time-barred.  Even if there was an argument that the new claims were not time-barred, Plaintiff has couched his allegations against Wexford and Jeffries as one for supervisory liability, but there is no *respondeat superior* liability under § 1983, so any such claim would fail.  *See e.g., Shields v. IDOC*, 746 F.3d 782 (7th Cir. 2014) (explaining that under controlling precedent, *respondeat superior* liability does not extend to corporations like Wexford); *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009) (there is no general duty of rescue under § 1983, and a public official is not liable merely because they hold a high-level supervisory position).

Finally, to the extent that Plaintiff intends to re-present his claim against Swalls about the conditions of his confinement, he cannot do so because this claim was resolved on the merits at summary judgment in his previous case.  *See e.g., Bell v. Taylor*, 827 F.3d

699, 706-07 (7th Cir. 2016) (res judicata or claim preclusion applies to claims that were litigated in a previous lawsuit if: there is an identity of causes of action and parties, and if there was a judgment on the merits). Any attempt to relitigate the identical claim against Swalls is frivolous and is barred by res judicata.

## Disposition

Plaintiff's complaint is **DISMISSED** as time-barred, frivolous, and for failure to state a claim. Plaintiff will not be afforded an opportunity to amend. Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 4) is **DENIED**.

**IT IS SO ORDERED.**

Dated: April 26, 2024

*s/ Stephen P. McGlynn*
STEPHEN P. McGLYNN
United States District Judge